JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-05860-FMC-RCx | Date | November 6, 2008 |
|---|---|---|---|
| Title | Edgardo O. Averion et al v. Mortgage Electronic Registration Systems, Inc. et al | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not present  Not present

**Proceedings:** ORDER REMANDING CASE TO STATE COURT    (In Chambers)

Pro se Plaintiffs initiated this litigation in state court in June 2008. On September 8, 2008, those defendants served in the state court action ("Defendants") filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1441(b), on the basis of federal question jurisdiction. On October 14, 2008, this Court issued an Order to Show Cause re Remand to State Court ("OSC re Remand") (docket no. 10), stating that it appears that the claims may not "arise under" federal law.

A defendant has the burden of proving that the requisite jurisdiction exists to support removal. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). When a case is removed to federal court there is a strong presumption against federal jurisdiction. See id. Ordinarily, a defendant may remove a suit to federal court only if the suit could have been brought there originally. 28 U.S.C. § 1441(a). Under the well-pleaded complaint rule, "federal-question jurisdiction only exists when a federal question is presented on the face of the plaintiff's complaint." Caterpillar v. Williams, 482 U.S. 386, 392 (1987). However, to bring a case "within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Gully v. First Nat. Bank, 299 U.S. 109, 112 (1936) (emphasis added). The "controversy arising under the laws of the United States must be basic in character as distinguished from those that are collateral." Rosecrans v. William S. Lozier, Inc. 142 F.2d 118, 123 (8th Cir. 1944); see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313-14 (2005) (stating that federal jurisdiction requires a case to demonstrate a "substantial" federal issue).

Here, although Plaintiff's eighth cause of action is for violation(s) of the Real Estate Settlement Procedures Act ("RESPA") , 12 U.S.C. § 2601 et seq., and references a disclosure violation under the Truth in Lending Act ("TILA"), "), 15 U.S.C. §1601 et seq., nothing in Defendants' response to the OSC re Remand demonstrates that the RESPA or TILA violations are essential or substantial elements of Plaintiffs' case or that Plaintiffs' right to relief "turns on [a] federal question." Berg v. Leason, 32 F.3d 422, 424 (9th Cir. 1994) (citing Guinasso v. Pacific First Fed. Sav. & Loan Ass'n, 656 F.2d 1364, 1365-66 (9th Cir. 1981)). Accordingly, the case is hereby REMANDED to state court.

|  | : | N/A |
|---|---|---|
| | Initials of Preparer | AM |

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-05860-FMC-RCx | Date | November 6, 2008 |
|---|---|---|---|
| Title | Edgardo O. Averion et al v. Mortgage Electronic Registration Systems, Inc. et al | | |